# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MAINE

| | |
|---|---|
| MARIE SEARLES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:25-cv-00507-JCN |
| | ) |
| TROOPER HUNTER BELANGER, in his individual capacity | ) |
| | ) |
| and | ) |
| | ) |
| TROOPER AARON TURCOTTE, in his individual capacity, | ) |
| | ) |
| Defendants. | ) |

## **DEFENDANTS' ANSWER TO COMPLAINT**

Defendants Trooper Hunter Belanger and Trooper Aaron Turcotte, by their attorney, answer the Complaint as follows:

## **INTRODUCTION**

1. Paragraph 1 of the Complaint is a narrative summary of facts alleged elsewhere in the Complaint. To the extent that a response is required, Defendants deny the factual allegations contained in Paragraph 1.

## **PARTIES**

2. Defendants admit the factual allegations contained in Paragraph 2.

3. Defendants admit the factual allegations contained in Paragraph 3.

4. Defendants admit the factual allegations contained in Paragraph 4.

5. Defendants admit the factual allegations contained in Paragraph 5.

1

6. Defendants admit that Lieutenant Turcotte was the Troop Commander for the Central Field Troop. Defendants otherwise deny the allegations contained in Paragraph 6.

## JURISDICTION

7. Paragraph 7 contains no factual allegations such that no response is required. To the extent that a response is required, Defendants deny the factual allegations contained in Paragraph 7.

8. Defendants admit that the Court has federal question jurisdiction.

9. Defendants admit that venue is proper.

## STATEMENT OF FACTS

10. Defendants admit the factual allegations contained in Paragraph 10.

11. Defendants admit that the weather was cold and rainy in Chelsea, Maine on March 10, 2024.

12. Defendants admit the factual allegations contained in Paragraph 12.

13. Defendants admit that Trooper Belanger approached the camper at 79 Marie Lane to locate Griffin. The Complaint does not specify the document to which the quotation refers such that Defendants lack sufficient information to form a belief about its accuracy and therefore deny it.

14. Defendants deny the factual allegations contained in Paragraph 14.

15. Defendants admit that Paragraph 15 accurately describes some of the items that Trooper Belanger observed. The Complaint does not specify the document to which the quotation refers such that Defendants lack sufficient information to form a belief about its accuracy and therefore deny it.

16. Defendants admit that Trooper Belanger returned to his cruiser to draft a search warrant for 79 Marie Lane based on his observations and his suspicion that illegal drugs <u>and</u> Michael Griffin were present inside 79 Marie Lane.

17. Defendants admit that Trooper Belanger was parked at the end of the driveway at 79 Marie Lane.  Defendants deny that the driveway was made of gravel and deny that there were multiple residences "at the end of . . . [the] driveway."

18. Defendants deny the factual allegations contained in Paragraph 18.

19. Defendants admit that Searles was walking down the driveway in view of Trooper Belanger's cruiser at the time he was preparing a search warrant for the camper. Defendants otherwise deny the factual allegations contained in Paragraph 19.

20. Defendants admit that, upon seeing Trooper Belanger, Searles changed directions and walked away from the cruiser.

21. Defendants admit that Trooper Belanger asked Searles to come and speak with him.  To the extent the Complaint suggests that this was all Trooper Belanger said to Searles at the time, Defendants deny that allegation.

22. Defendants admit that, after Trooper Belanger asked Searles to come and speak with him, Searles stopped briefly and then continued walking away from Trooper Belanger.

23. Defendants admit that sometime after Searles walked away from Troper Belanger, Trooper Belanger secured Searles and took her to the ground.  Defendants otherwise deny the factual allegations contained in Paragraph 23.

24. Defendants deny the factual allegations contained in Paragraph 24.

25. Defendants admit the factual allegations contained in Paragraph 25.

26. Defendants admit that during the search of Searles' person, Searles pulled away. Defendants otherwise lack sufficient information to form a belief about the factual allegations contained in Paragraph 26 and therefore deny them.

27. Defendants admit that, after Searles pulled away, Trooper Belanger put Searles on the hood of his cruiser. Defendants otherwise deny the factual allegations contained in Paragraph 27.

28. Defendants deny that Searles' ribs were slammed into the front of Trooper Belanger's cruiser, and they otherwise lack sufficient information to form a belief about the factual allegations contained in Paragraph 28 and therefore deny them.

29. Defendants deny the factual allegations contained in Paragraph 29.

30. Defendants deny the factual allegations contained in Paragraph 30.

31. Defendants deny the factual allegations contained in Paragraph 31.

32. Defendants admit the factual allegations contained in Paragraph 32.

33. Defendants admit that, upon Trooper Belanger's arrival, the law enforcement agencies identified in Paragraph 33 were present at the scene in Readfield. Defendants otherwise lack sufficient information to form a belief about the factual allegations contained in Paragraph 28 and therefore deny them.

34. Defendants admit that, after Trooper Belanger's arrival, the suspected arsonist was walking out of the woods with law enforcement, and that it was winter. Defendants otherwise lack sufficient information to form a belief about the factual allegations contained in Paragraph 34 and therefore deny them.

35. Defendants admit that, when walking out of the woods with law enforcement, the suspected arsonist was not in handcuffs.

36. Defendants admit that soon after arriving at the suspected arsonist's location, Trooper Belanger told the suspect, in sum and substance, to "turn around and put your hands behind your back."

37. Defendants admit that Trooper Belanger eventually used force to facilitate arrest of the suspected arsonist, but they deny that it was within 1-2 seconds of his command or before the suspected arsonist had an opportunity to respond.

38. Defendants admit that Trooper Belanger, along with other law enforcement officers present at the scene, forced the suspected arsonist onto the ground, which had snow on it at the time, but they otherwise deny the factual allegations contained in Paragraph 38.

39. Defendants admit that Trooper Belanger and other law enforcement officers present at the scene placed the suspected arsonist in handcuffs while they held him on the ground on his stomach, but Defendants otherwise lack sufficient information to form a belief about the factual allegations contained in Paragraph 39 and therefore deny them.

40. Defendants admit that Trooper Belanger stepped away after the suspected arsonist was secured. Defendants otherwise lack information sufficient to form a belief about the factual allegations contained in Paragraph 40 and therefore deny them.

41. Defendants admit that law enforcement was present and participated in the arrest. Defendants deny that Trooper Belanger unreasonably detained, or used excessive force against, the suspected arsonist. Defendants otherwise lack sufficient information to form a belief about the factual allegations contained in Paragraph 41 and therefore deny them

42. Defendants admit that the Kennebec County Sheriff's Office contacted the Maine State Police regarding the arrest. Defendants otherwise deny the factual allegations contained in Paragraph 42.

43. Defendants admit the factual allegations contained in Paragraph 43.

44. Defendants admit that the Kennebec County District Attorney's Office sent a letter to Captain Jeff Love of the Maine State Police on or about March 19, 2024, and that the quoted language was used in that letter. Defendants otherwise deny the factual allegations contained in Paragraph 44.

45. Defendants admit that Lieutenant Turcotte and other officials at the Maine State Police were aware of the January 17, 2024 arrest prior to the arrest of Searles on March 10, 2024. Defendants otherwise deny the factual allegations contained in Paragraph 45.

46. Defendants deny the factual allegations contained in Paragraph 46.

47. Defendants admit the factual allegations contained in Paragraph 47.

48. Defendants admit that the Maine State Police determined that none of the 33 complaints identified conduct that violated applicable law or policy, though they deny the implication that no action was taken in response. The Complaint does not specify the document to which quotation refers such that Defendants lack sufficient information to form a belief about its accuracy and therefore deny it.

49. Defendants deny that the Kennebec County District Attorney's office accused Trooper Belanger of using excessive force. Defendants admit that the Maine State Police found that Trooper Belanger did not violate applicable law or policy in connection with the arrest in Readfield, though they deny the implication that no action was taken in response. Defendants otherwise deny the factual allegations contained in Paragraph 49.

# FIRST CAUSE OF ACTION
## Violation of 42 U.S.C. § 1983—Unlawful Arrest in Violation of the Fourth Amendment of the United States Constitution
### (Searles v. Belanger)

50. Defendants repeat and reallege their responses to Paragraphs 1-49.

51. Paragraph 51 does not contain any factual allegations and therefore does not require a response. To the extent a response is required, Defendants deny the factual allegations contained in Paragraph 51.

52. Defendants admit that Trooper Belanger detained and/or arrested Searles under color of state law. Defendants otherwise deny the factual allegations contained in Paragraph 42.

53. Paragraph 53 does not contain any factual allegations and therefore does not require a response. To the extent a response is required, Defendants admit that Trooper Belanger was permitted to secure the camper.

54. Paragraph 54 does not contain any factual allegations and therefore does not require a response. To the extent a response is required, Defendants deny the factual allegations contained in Paragraph 54.

55. Paragraph 55 does not contain any factual allegations and therefore does not require a response. To the extent a response is required, Defendants deny the factual allegations contained in Paragraph 55.

56. Defendants deny the factual allegations contained in Paragraph 56.

**SECOND CAUSE OF ACTION**
**Violation of 42 U.S.C. § 1983—Excessive Force in Violation of the Fourth Amendment of the United States Constitution**
**(Searles v. Belanger)**

57. Defendants repeat and reallege their responses to Paragraphs 1-56.

58. Paragraph 58 does not contain any factual allegations and therefore does not require a response. To the extent a response is required, Defendants deny the factual allegations contained in Paragraph 58.

59. Defendants admit that Trooper Belanger seized Searles under color of state law. Defendants otherwise deny the factual allegations contained in Paragraph 59.

60. Paragraph 60 does not contain any factual allegations and therefore does not require a response. To the extent a response is required, Defendants deny the factual allegations contained in Paragraph 60.

61. Defendants deny the factual allegations contained in Paragraph 61.

62. Defendants deny the factual allegations contained in Paragraph 62.

**THIRD CAUSE OF ACTION**
**Violation of 42 U.S.C. § 1983—Failure to Supervise and Discipline**
**(Searles v. Turcotte)**

63. Defendants repeat and reallege their responses to Paragraphs 1-62.

64. Defendants admit that Lieutenant Turcotte was the Troop Commander for the Central Field Troop.

65. Defendants deny the factual allegations contained in Paragraph 65.

66. Defendants deny the factual allegations contained in Paragraph 66.

67. Defendants deny the factual allegations contained in Paragraph 67.

68. Defendants deny the factual allegations contained in Paragraph 68.

69. Defendants deny the factual allegations contained in Paragraph 69.

70. Defendants deny the factual allegations contained in Paragraph 70.

71. Defendants deny the factual allegations contained in Paragraph 71.

72. Defendants deny the factual allegations contained in Paragraph 72.

73. Defendants deny the factual allegations contained in Paragraph 73.

74. Defendants deny the factual allegations contained in Paragraph 74.

75. Defendants deny the factual allegations contained in Paragraph 75.

## AFFIRMATIVE DEFENSES

AND FURTHER ANSWERING, Defendants state:

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Any injury suffered by Plaintiff was the result of her own fault, and her recovery therefore must be denied or accordingly reduced.

3. Defendants' actions are protected by qualified immunity.

DATED:  November 21, 2025                Respectfully submitted,

AARON M. FREY
Attorney General, State of Maine

/s/ Jason Anton
JASON ANTON
Assistant Attorney General
Office of the Maine Attorney General
6 State House Station
Augusta ME  04333-0006
Tel. (207) 626-8800
Fax (207) 287-3145
jason.anton@maine.gov

## CERTIFICATE OF SERVICE

  I hereby certify that on November 21, 2025, I electronically filed this document with the Clerk of the Court using the CM/ECF system, and that the same will be sent electronically to registered participants as identified in the CM/ECF electronic filing system for this matter.

DATED: November 21, 2025

/s/ Jason Anton
JASON ANTON
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta ME 04333-0006
Tel. (207) 626-8800
Fax (207) 287-3145
jason.anton@maine.gov