UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MARIE SEARLES, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:25-cv-00507-JCN |
| | ) | |
| TROOPER HUNTER BELANGER, et al., | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON MOTION TO BIFURCATE DISCOVERY**

In this action, Plaintiff alleges that Defendant Belanger, a Maine State Police officer, used excessive force when he unlawfully arrested Plaintiff in March 2024. Plaintiff also alleges that Defendant Turcotte, Defendant Belanger's supervising officer, failed to supervise Defendant Belanger adequately in part because he did not properly investigate and address Defendant Belanger's excessive force history.

After Defendants filed their response to the complaint, the Court issued a Scheduling Order. In response to the Scheduling Order, Defendants asked the Court to bifurcate the discovery and anticipated dispositive motion practice on Plaintiff's claims against Defendant Belanger from the discovery and motion practice on Plaintiff's related failure to supervise claim against Defendant Turcotte.[1] (Motion to Bifurcate Discovery, ECF No. 12.)

---

[1] Defendants also asked the Court to modify the Scheduling Order deadlines. The Court will address that request in a separate order.

Defendants contend that bifurcation would promote efficiency and judicial economy because the parties and the Court would only have to address the claim against Defendant Turcotte if Defendant Belanger engaged in excessive force on March 10, 2024. Plaintiff argues that bifurcation would be inefficient and prejudicial to her because Defendant Belanger's history, training, and supervision are relevant to his conduct on March 10 and, therefore, discovery on these issues is essential to the claims against Defendant Belanger.

Although Defendants maintain that bifurcation could narrow the discovery that might be required on the claim against Defendant Turcotte, the basic premise of Defendants' efficiency argument is that the case would likely conclude on Defendants' dispositive motion on the claims against Defendant Belanger. However, if Defendants do not prevail on their dispositive motion on their claims against Defendant Belanger, the parties would have to engage in another round of discovery and, presumably, another cycle of motion practice before trial. The subsequent discovery would likely include the depositions of some witnesses who were deposed in the first phase of discovery. Furthermore, while limiting the initial phase of discovery and motion practice as Defendants request could potentially promote efficiency and judicial economy, the process could also result in the need for Court intervention to address disputes regarding the scope of permissible discovery, which disputes would have been avoided without bifurcation.

"Federal trial courts enjoy broad discretion in managing the pace of pretrial proceedings, including the timing of discovery." *Vineberg v. Bissonnette*, 548 F.3d 50, 54 (1st Cir. 2008). Because there is sufficient overlap between the information relevant to the

excessive force claim and the evidence relevant to the supervisory liability claim (e.g., complaints regarding Defendant Belanger's prior use of physical force during an arrest would be discoverable as to both claims) and because of the potential for a more protracted process (e.g., additional motion practice) and redundant discovery with bifurcation, the Court is not persuaded that the requested bifurcation is warranted.[2]  The Court, therefore, denies Defendants' motion to bifurcate discovery.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 20th day of January, 2026.

---

[2] In their reply memorandum in support of their contention that bifurcation is necessary because the discovery on the supervisory claim could be extensive, citing some of the allegations in Plaintiff's complaint, Defendants assert that discovery related to the supervisory claim could include "multiple additional depositions and voluminous written and document discovery." (Reply at 2-3, ECF No. 14.) The Court's ruling on this motion should not be construed to define the scope of permissible discovery.  If a party believes a discovery initiative is objectionable, the party can seek the Court's intervention in accordance with District of Maine Local Rule 26.